**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GORREPATI FAMILY VENTURE LIMITED PARTNERSHIP** | § | |
| ***Plaintiff,*** | § | **CIVIL ACTION NO. 3:17-cv-02266** |
| **V.** | § | **JURY** |
| **ZURICH NORTH AMERICA, ZURICH AMERICAN INSURANCE COMPANY AND NORTHERN INSURANCE COMPANY OF NEW YORK** | § | |
| ***Defendants*.** | § | |

**ZURICH NORTH AMERICA, ZURICH AMERICAN INSURANCE COMPANY AND NORTHERN INSURANCE COMPANY OF NEW YORK'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, ZURICH AMERICAN INSURANCE COMPANY, in its own capacity and as successor to NORTHERN INSURANCE COMPANY OF NEW YORK and as erroneously sued as ZURICH NORTH AMERICA (hereinafter "Defendants") and file their Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

## I. PROCEDURAL BACKGROUND

1. On May 22, 2017, Plaintiff, Gorrepati Family Venture Limited Partnership ("Gorrepati" or "Plaintiff") filed its Original Petition in a case styled *Gorrepati Family Venture Limited Partnership vs. Zurich North America, Zurich American Insurance Company and Northern Insurance Company of New York*, Cause No. DC-17-06054, pending in the 298th Judicial District Court for Dallas County, Texas.

2. Defendants received a copy of the Plaintiff's Original Petition on or about July 28, 2017.

3. Defendants file this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. S*ee id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiff's Original Petition;
- **Exhibit 3:** Citations served on Zurich North America, Zurich American Insurance Company and Northern Insurance Company of New York;
- **Exhibit 4:** Defendants Zurich North America, Zurich American Insurance Company and Northern Insurance Company of New York Original Answer;
- **Exhibit 5:** List of Parties and Counsel;
- **Exhibit 6:** **I**nsurance Dec Page for Policy No. PPS-42639238.

## I. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiffs and Defendants are diverse.**

7. **Plaintiff,** Gorrepati Family Venture Limited Partnership Luckett is a limited partnership operated in Dallas, County, Texas.

8. **Defendant,** Zurich North America is merely a trade name that has been employed by Zurich American Insurance Company and its affiliates. Thus, Zurich North America is not a legal entity and not a proper party. If and to the extent that the court might consider Zurich North America to be a party, this Removal should be deemed filed on behalf of Zurich North America as well as Zurich American Insurance Company.

9. **Defendant,** Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is authorized to transact business and has transacted business in Texas.

10. **Defendant,** Northern Insurance Company of New York no longer exists. Zurich American Insurance Company is the ultimate successor via mergers to Northern Insurance Company of New York.

11. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between the Plaintiff and the named Defendants.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

12. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-

CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

13. This is a civil action in which the amount in controversy exceeds $75,000. Paragraph IX. of Plaintiff's petition indicates "[t]he total damages sought by Plaintiff against Defendants for all elements of damage exceed the sum of $200,000…" Plaintiff alleges that defendants are liable under a commercial insurance policy because Plaintiff made a claim under that policy and defendants wrongfully adjusted and underpaid Plaintiff's' claim. *See Exhibit 6, Insurance Dec Page for subject property in the scheduled building limits of $1,685,000.00.* This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## II. THIS REMOVAL IS PROCEDURALLY CORRECT

14. Zurich American Insurance Company received service of this lawsuit on July 17, 2017. Thus, Zurich American Insurance Company is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

17. Promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

18. Promptly after Defendants file this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Dallas County District Court pursuant to 28 U.S.C. §1446(d).

## III. CONCLUSION

19. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants ZURICH AMERICAN INSURANCE COMPANY, in its own capacity and as successor to NORTHERN INSURANCE COMPANY OF NEW YORK and as erroneously sued as ZURICH NORTH AMERICA hereby remove this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ George H. Arnold*
**George H. Arnold, *Attorney-in-Charge***
State Bar No. 00783559
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
*Email:* garnold@thompsoncoe.com

OF COUNSEL:

Rhonda J. Thompson
Thompson, Coe, Cousins & Irons, L.L.P.
State Bar No. 24029862
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
**ATTORNEYS FOR DEFENDANTS ZURICH NORTH AMERICA, ZURICH AMERICAN INSURANCE COMPANY AND NORTHERN INSURANCE COMPANY OF NEW YORK**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2017, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

***Michael S. Carnahan***
***Carnahan Thomas***
***1190 N. Carroll Avenue***
***South Lake, TX 76092***
***mcarnahan@carnahanthomas.com***

***Scott M. Keller***
***Law Offices of Scott M. Keller***
***3890 W. Northwest Highway, Suite 650***
***Dallas, TX 75220***
***scottkeller@sbcglobal.net***
***Attorneys for Plaintiff***

*/s/ George Arnold*
George H. Arnold